## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JAMES A. GREEN**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:25-CV-116-JHM**

**JACOB OWEN**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**

### MEMORANDUM OPINION

Plaintiff James A. Green filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice and with leave to file an amended complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff identifies as a pretrial detainee housed at the Warren County Jail. His complaint alleges that on April 3, 2025, at approximately 2:45 a.m., "I James A. Green was in custody of B.G.P.D. While in hand cuffs officers used 'excessive use of force' and broke my wrist and shoulder. As a result of bad faith and excessive force I suffered 2 broken bones."

The caption of the complaint lists "Jacob Owen, #147 BGPD" as Defendant. While Defendant is not identified in the body of the complaint, Plaintiff provides "BGPD" as Defendant's position title,[1] and "Bowling Green, KY" as his place of employment. The complaint indicates that Defendant is being sued in his official capacity.

As relief, Plaintiff seeks monetary damages in the amount of $150,000.00.

---

[1] The Court presumes that BGPD refers to the Bowling Green Police Department.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues Defendant in his official capacity only. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). As such, Plaintiff's official capacity claim against Defendant is actually against his employer, the City of Bowling Green.[2]

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Here, Plaintiff does not allege that his constitutional rights were violated due to a

---

[2] The Court notes that the Bowling Green Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (jail is not an entity subject to suit under § 1983).

3

custom or policy of Bowling Green, but instead alleges an isolated incident affecting him only. Thus, his claim must be dismissed for failure to state a claim upon which relief may be granted.

Even if Plaintiff had named Defendant in his individual capacity, the complaint fails to state a claim upon which relief can be granted. Plaintiff alleges that unnamed officers used excessive force upon him while he was handcuffed, breaking his wrist and shoulder.

"An excessive-force claim may arise under the Fourth, Eighth, or Fourteenth Amendments depending on 'whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two.'" *Kulpa v. Cantea*, 708 F. App'x. 846, 851 (6th Cir. 2017) (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013)). Here, however, the Court cannot discern whether the incident described in Plaintiff's complaint occurred during his arrest, booking, or pre-trial detention. Even under a liberal construction of the complaint read to assert that Defendant was involved in the alleged incident, Plaintiff does not include any details about the circumstances or actions by the officer(s) that led to his injuries. Upon consideration, the Court finds that Plaintiff's allegation is too vague and conclusory to satisfy the standard set forth above. Instead, it is "a formulaic recitation of the elements of a cause of action" and a "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Thus, it must be dismissed for failure to state a claim upon which relief may be granted. *See Johnson v. Brock*, No. 3:24-CV-204-KAC-JEM, 2024 WL 4701879, at *3 (E.D. Tenn. Nov. 6, 2024) (dismissing claim alleging "excessive force" without sufficient factual allegations to support the legal conclusion as implausible).

Accordingly, the Court will dismiss this action without prejudice and with leave to amend the complaint for Plaintiff to provide additional factual allegations in support of his claim of excessive force and to identify the individual officers involved and what actions they took.

*See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action without prejudice and with leave to file an amended complaint.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, should Plaintiff choose to amend the complaint. Any amended complaint must be filed on or before **January 9, 2026**.

Date: December 11, 2025

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.015