**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**JAMES A. GREEN**                                                                     **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:25-CV-116-JHM**

**JACOB OWEN,** *et al.*                                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff James A. Green filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice to Plaintiff filing an amended complaint to provide additional factual allegations in support of his claim of excessive force and to identify the individual officers involved and what actions they took.  (DNs 8, 9).

Plaintiff filed an amended complaint (DN 10), which the Court construes as a motion to reopen the action and amend the complaint.  The Court will first undertake an initial review of the amended complaint pursuant to § 1915A to determine if the action should be reopened.

## I. SUMMARY OF COMPLAINT

Plaintiff currently identifies as a convicted prisoner housed at at the Warren County Jail.  (DN 10).  His original complaint alleged that on April 3, 2025, at approximately 2:45 a.m., "I James A. Green was in custody of B.G.P.D.  While in hand cuffs officers used 'excessive use of force' and broke my wrist and shoulder.  As a result of bad faith and excessive force I suffered 2 broken bones." (DN 1).  The amended complaint provides the following additional factual allegations:

> Jacob Owen #147 badge number, broke my wrist the left side.  Also my shoulder was dislocated during the abuse of force.  My wrist got broken when the officer was jerking me back and forth in cop car while he was detaining me.  That's how my shoulder also got broken was from being tossed around like so.

(DN 10, PageID.37).

Plaintiff sues Defendant Owen in his individual and official capacities.  (*Id*., PageID.35-36).  As relief, Plaintiff he seeks monetary damages in the amount of $150,000, or release from custody.  (*Id*., PageID.38).

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)

(per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Broadly construing the complaint and amended complaint, the Court will allow Plaintiff's claim of excessive force under the Fourth or Fourteenth Amendment to proceed against Defendant Owen in his individual capacity.[1] Therefore, the Court will grant Plaintiff's motion to reopen and to amend the complaint.

However, Plaintiff's official capacity claim against Defendant Owen (sued as "Jacob Owen, Cop at BGPD, Bowling Green, KY"), must be dismissed for the same reason set forth in the Court's prior Memorandum Opinion. (DN 8). "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S.

---

[1] Excessive force claims can be raised under the Fourth, Eighth, and Fourteenth Amendments. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." *Id*. The Fourth Amendment applies to free citizens; the Eighth Amendment applies to convicted persons; and the Fourteenth Amendment applies to pretrial detainees. *Id*. Given the information contained in the complaints, a question exists regarding whether the Fourth or Fourteenth Amendment governs the constitutionality of Defendant Owen's alleged conduct. *See Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010).

658, 691 n.55 (1978)). As such, Plaintiff's official capacity claim against Defendant Owen is actually against his employer, the City of Bowling Green.[2]

When a § 1983 claim is made against a county or municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). Here, Plaintiff does not allege that his constitutional rights were violated due to a custom or policy of Bowling Green, but rather alleges an isolated incident affecting him only. Thus, his claim must be dismissed for failure to state a claim upon which relief may be granted.

Finally, Plaintiff's alternative claim for relief in the form of release from custody cannot be obtained in this § 1983 action. Instead, habeas corpus is his exclusive remedy for seeking to obtain such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 498, 500 (1973) ("[R]elease from confinement . . . is the heart of habeas corpus."). Accordingly, Plaintiff's claim for injunctive relief must be dismissed for failure to state a claim.

---

[2] The Court notes that the Bowling Green Police Department is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (jail is not an entity subject to suit under § 1983).

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the motion to reopen and to amend the complaint (DN 10) is **GRANTED** and the Court's Order of dismissal (DN 9) is **VACATED**. The **Court directs the Clerk of Court** to reinstate this action to the Court's active docket.

**IT IS FURTHER ORDERED** that the official capacity claim against Defendant Owen is **DISMISSED**. The Clerk of Court is therefore **DIRECTED** to terminate Defendant "Jacob Owen, Cop at BGPD, Bowling Green, KY" as a party to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of the case.

Date:   March 26, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.015